# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FRANCIS JOHNSON,<br><br>                      Plaintiff,<br>    v.<br>WILLIAMS, et al.,<br><br>                      Defendants. | Case No. 2:20-cv-00852-APG-DJA<br><br>ORDER |

      This action began with an application to proceed *in forma pauperis* and a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by Francis Johnson, a former state prisoner. ECF Nos. 1-1, 4. On March 15, 2021, I issued an order allowing Johnson's complaint to proceed but requiring him to file an application to proceed *in forma pauperis* for non-prisoners. ECF No. 5. I also stayed this action so that the parties could participate in the court's Inmate Early Mediation Program.

      Johnson failed to file an application to proceed *in forma pauperis* for non-prisoners. Magistrate Judge Albregts issued an order on May 11, 2021 informing Johnson that he must file an application to proceed *in forma pauperis* for non-prisoners, and that if he failed to file the application this case would be dismissed without prejudice. ECF No. 9 at 2. On June 4, 2021, Johnson failed to appear for a scheduled mediation conference (ECF No. 10), and he has not filed an application to proceed *in forma pauperis* for non-prisoners or otherwise responded to the court's orders.

      District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may

dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action under these circumstances, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey an order will result in dismissal satisfies the "consideration of alternatives"

2

requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The screening order I issued on March 15, 2021 required Johnson to file an application to proceed *in forma pauperis* within 30 days and expressly stated that, "if Johnson fails to timely file an application to proceed in forma pauperis by a non-prisoner or pay the full filing fee, I will dismiss this case without prejudice." ECF No. 5 at 9. Judge Albregts' May 11, 2021 order again warned Johnson that if he did "not timely comply with this order, this case will be subject to dismissal without prejudice." Thus, Johnson had adequate warning that dismissal would result from his noncompliance with the court's orders.

I therefore order that this action is dismissed without prejudice based on Johnson's failure to file an application to proceed *in forma pauperis* for non-prisoners in compliance with this court's March 15, 2021, and May 11, 2021, orders.

I further order the Clerk of Court to enter judgment accordingly.

DATED THIS 24th day of June 2021.

_____
UNITED STATES DISTRICT JUDGE

3